UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Carl Statchen

    v.                                    Civil No. 08-cv-128-JD

Jason M. Palmer, et al.


O R D E R

Carl Statchen brought a civil rights action, alleging that
Concord police officers used unreasonable force in arresting him
and while he was held in custody.  The officers, Jason M. Palmer
and Dick A. Scott, and the City of Concord moved for summary
judgment.  Statchen filed an objection with documentary support.
The defendants move to strike four of the exhibits Statchen filed
with his objection on the ground that they do not meet the
requirements of Federal Rule of Civil Procedure 56(e).  Statchen,
who is represented by counsel, failed to file a response to the
motion to strike.


Discussion

With his objection to summary judgment, Statchen filed a
form showing a statement made by Emily Chartier, excerpts from
his deposition, photographs, a form from Midstate Medical Center
identified as an xray report, and an interoffice memorandum from
the Concord Police Department.  The defendants challenge the

Chartier statement, the photographs, the xray report, and the police memorandum as not meeting the requirements of Rule 56(e).

Rule 56(e) requires that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Affidavits must be based on the affiant's personal knowledge, set out admissible facts, and show that the affiant is competent to testify to the facts stated. Fed. R. Civ. P. 56(e)(1). Affidavits may also be supplemented with depositions, answers to interrogatories, and additional affidavits. Id.

An affidavit is a sworn written statement made under oath or affirmation, but a declaration that meets the requirements of 28 U.S.C. § 1746, may be substituted. Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006). In addition, "[t]o be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (internal quotation marks omitted).

The defendants are correct that Chartier's statement is unsworn and that no affidavit supports the documentary evidence

2

of the photographs, the xray report, or the interoffice memorandum.  Therefore, the challenged evidence does not meet the requirements of Rule 56(e) and cannot be considered for purposes of opposing summary judgment.


## Conclusion

For the foregoing reasons, the defendants' motion to strike (document no. 17) is granted.


SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge

September 3, 2009

cc:  Charles P. Bauer, Esquire
     Jeanne P. Herrick, Esquire
     Michael J. Sheehan, Esquire